UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| Melissa and Samuel De Thorne, | : Civil Action No.: 5:12-cv-00409 |
| Plaintiffs, | : |
| v. | : |
| Haster Law Office P.A., | : **COMPLAINT** |
| Defendant. | : |

For this Complaint, the Plaintiffs, Melissa and Samuel De Thorne, by undersigned counsel, state as follows:

## JURISDICTION

1. This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiffs' personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.      The Plaintiffs, Melissa and Samuel De Thorne ("Plaintiffs"), are adult individuals residing in San Antonio, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      The Defendant, Haster Law Office P.A. ("Haster"), is a Minnesota business entity with an address of 6640 Shady Oak Road, Suite 340, Eden Prairie, Minnesota  55344, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.**   **The Debt**

6.      Samuel De Thorne incurred a financial obligation (the "Debt") to HSBC (the "Creditor").

7.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8.      The Debt was purchased, assigned or transferred to Haster for collection, or Haster was employed by the Creditor to collect the Debt.

9.      The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.**   **Haster Engages in Harassment and Abusive Tactics**

10.     Around October, 2011, Plaintiffs entered into a payment agreement with Haster agreeing to make monthly payments in the amount of $500.00 each.

11. On April 9, 2012 Melissa contacted Stanley, a representative of Haster, in an attempt to settle the Debt.

12. After not having been able to come to an agreement as to the total amount of the Debt Melissa informed Stanley she no longer wished to continue to make payments to Haster.

13. In response Stanley stated that Plaintiffs would have to pay attorney fees, implying that a lawsuit would be filed against Samuel.

14. In addition Stanley threatened to put a lien on Plaintiffs' house and to garnish Samuel's wages.

C. **Plaintiffs Suffered Actual Damages**

15. The Plaintiffs have suffered and continue to suffer actual damages as a result of the Defendants' unlawful conduct.

16. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

**COUNT I**
**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.**

17. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiffs in connection with the collection of a debt.

19. The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened the Plaintiffs with garnishment if the Debt was not paid.

20. The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened the Plaintiffs with attachment of his property if the Debt was not paid.

21. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

22. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

23. The Plaintiffs are entitled to damages as a result of Defendant's violations.

### COUNT II
### VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT
### TEX. FIN. CODE ANN. § 392, et al.

24. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The Plaintiffs are "consumers" as defined by Tex. Fin. Code Ann. § 392.001(1).

26. The Defendants are each a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

27. The Defendants engage in debt collection without obtaining a surety bond issued by a surety company authorized to do business in Texas in violation of Tex. Fin. Code Ann. § 392.101.

28. The Defendants threatened to take action prohibited by law, in violation of Tex. Fin. Code Ann. § 392.301(a)(8).

29. The Plaintiffs are entitled to injunctive relief and actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(1) and (2) and to remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs pray that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

4. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

5. Actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

6. Remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a);

7. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiffs;

8. Punitive damages; and

9. Such other and further relief as may be just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: April 30, 2012

                                             Respectfully submitted,

                                             By: __/s/ Sergei Lemberg_____

        Sergei Lemberg, *Attorney-in-Charge*
        Connecticut Bar No. 425027
        LEMBERG & ASSOCIATES L.L.C.
        1100 Summer Street, 3rd Floor
        Stamford, CT 06905
        Telephone: (203) 653-2250
        Facsimile:  (203) 653-3424
        E-mail: slemberg@lemberglaw.com
        Attorneys for Plaintiffs